UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07223-SVW-AS | Date | February 1, 2018 |
|---|---|---|---|
| Title | Painters and Allied Trades District Council 82 Health Care Fund et al v. Takeda | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER PARTIALLY GRANTING MOTION TO DISMISS [119]

Pending before the Court is Defendant Takeda Pharmaceutical's ("Takeda") and Defendant Eli Lilly & Co.'s ("Lilly") motion to dismiss. Dkt 119.[1] For the reasons explained below, Defendants' motion to dismiss is partially GRANTED.

The subject of this motion—namely the RICO proximate causation issue—has been discussed at length in numerous trial court and appellate court opinions in this Circuit[2] and others.[3] The facts before this Court do not differ materially from those cases. This Court finds persuasive Judge Easterbrook's reasoning in his opinion for the Seventh Circuit in a highly similar case. *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs.*, 873 F.3d 574, 578 (7th Cir. 2017) (Easterbrook, J.).[4] Judge Breyer's opinion

---

[1] Also pending before the Court is Plaintiff Painters & Allied Trades District Council 82 Health Care Fund's ("Painters") motion for summary judgment. Dkt. 88. The Court has not yet ruled on this motion.

[2] *See, e.g., United Food & Commercial Workers Cent. Pennsylvania & Reg'l Health & Welfare Fund v. Amgen, Inc.*, 400 F. App'x 255, 257 (9th Cir. 2010); *In re Bextra and Celebrex Mktg. Sales Practices & Prods. Liab. Litig.*, MDL No. 1699, 2012 WL 3154957, at *2-6 (N.D. Cal. Aug. 2, 2012) (Breyer, J.); *In re Actimmune Mktg. Litig.*, 614 F. Supp. 2d 1037, 1051 (N.D. Cal. 2009), aff'd, 464 F. App'x 651 (9th Cir. 2011).

[3] *See, e.g., Sidney Hillman Health Ctr. of Rochester v. Abbott Labs.*, 873 F.3d 574, 578 (7th Cir. 2017) (Easterbrook, J.); *In re Yasmin and Yaz (Drospirenone) Mktg. Sales Practices & Prods Liab. Litig.*, MDL No. 2100, 2010 WL 3119499, at *7 (S.D. Ill. Aug. 5, 2010); *contra In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 804 F.3d 633 (3d Cir. 2015); *In re Neurontin Mktg. & Sales Practices Litig,*, 712 F.3d 60 (1st Cir. 2013)   .

[4] In his opinion, Judge Easterbrook cited several unpublished Ninth Circuit opinions, which adds to the persuasive force of his reasoning.

---

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-07223-SVW-AS | Date | February 1, 2018 |
| Title | Painters and Allied Trades District Council 82 Health Care Fund et al v. Takeda | | |

(again in a case virtually identical to this) also offers valuable guidance. *In re Bextra and Celebrex Mktg. Sales Practices & Prods. Liab. Litig.*, MDL No. 1699, 2012 WL 3154957, at *2-6 (N.D. Cal. Aug. 2, 2012) (Breyer, J.)[5] This Court adopts the reasoning of Judges Breyer and Easterbrook, and accordingly the RICO claims are DISMISSED WITH PREJUDICE.[6]

In light of this, the Court has some doubts regarding whether it maintains jurisdiction over this action. Accordingly, the parties are ORDERED TO SHOW CAUSE why this Court retains jurisdiction. The parties will file simultaneous briefs (not to exceed 10 pages) within 14 days.

IT IS SO ORDERED.

---

[5] The Court acknowledges the contrary opinions from the First and Third Circuits, but does not find the reasoning in those opinions persuasive.
[6] A "district court's discretion to deny leave to amend is particularly broad where, as here, the plaintiff has previously filed an amended complaint." *United Food & Commercial Workers Cent. Pennsylvania & Reg'l Health & Welfare Fund v. Amgen, Inc.*, 400 F. App'x 255, 258 (9th Cir. 2010).

| | : |
|---|---|
| Initials of Preparer | PMC |