# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 82 HEALTH CARE FUND, a third-party healthcare payor fund, ANNIE M. SNYDER, a California consumer, RICKEY D. ROSE, a Missouri consumer, JOHN CARDARELLI, a New Jersey consumer, MARLYON K. BUCKNER, a Florida consumer, and SYLVIE BIGORD, a Massachusetts consumer, on behalf of themselves and ALL others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TAKEDA PHARMACEUTICAL COMPANY LIMITED, a Japanese corporation; TAKEDA PHARMACEUTICALS USA, Inc., an Illinois corporation (fka TAKEDA PHARMACEUTICALS NORTH AMERICA, Inc.); and ELI LILLY & COMPANY, an Indiana corporation,<br><br>Defendants. | Case No.: 2:17-cv-07223-JWH(ASx)<br><br>**PROTECTIVE ORDER** |

1.   A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this

---

[1] This Stipulated Protective Order amends and supersedes the First Amended Case Management Order that was entered as part of the MDL proceedings, before this case was transferred to this Court. *See In re Actos (Pioglitazone) Products Liability Litigation*, Dkt. No. 2597, No. 6:11-md-2299 (W.D. La.).

Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action is likely to involve confidential medical information, proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding products and medicines, unpublished clinical studies, scientific literature, and related documents, information concerning competitors, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such

information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: this pending federal lawsuit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

If, in connection with any motion or other proceeding except trial, any Receiving Party intends to offer into evidence any documents designated confidential pursuant to this Order, such evidence shall be filed under seal and in accordance with the applicable local court rules, and unless otherwise ordered by the Court, shall be sealed with any proceedings involving disclosure of the evidence. The Parties shall be entitled to identify and use documents for trial purposes regardless of a confidentiality designation, provided that for any documents identified on exhibit lists for use at trial, the Parties shall be entitled to seek appropriate protection, by motions *in limine* or otherwise, for any document so identified.

Once a case proceeds to trial, all of the information used at trial that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, absent a Court order to the contrary, the terms of this protective order do not extend beyond the commencement of the trial for Disclosure or Discovery Material used at trial. After final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect as to any CONFIDENTIAL documents that were not previously made public, either by the parties' agreement or because they were used as an exhibit at a public trial, until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings,

remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains

protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins)

(b) In the case of deposition testimony relating to Protected Material, the portion of the transcript in which Protected Material is offered, identified or discussed, including exhibits containing or consisting of Protected Material, shall also be designated as confidential.  Any additional confidentiality designations shall be made within thirty (30) calendar days after the transcript has been received by counsel making the designation and shall specify the testimony being designated confidential by page and line number(s).  This deadline may be extended by agreement of the Parties. Until the expiration of such thirty (30) day period (or extended period, if agreed to by the Parties), the entire text of the deposition, including exhibits, shall be treated as Protected Material under this Order.

    (c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4. <u>Actos MDL Documents. Any documents produced in this Action, which were previously produced as part of the Actos MDL and were designated as confidential in the Actos MDL, will be treated as Protected Material in this Action.</u>

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. See http://www.cacd.uscourts.gov/honorable-alka-sagar

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Parties in possession of Protected Material designated by another Party shall exercise the same care with regard to the storage, custody, or use of the Protected Material as they would apply to their own Protected Material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to the following:

(a) Protected Material in an electronic format shall be maintained in a secure manner that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons authorized to access Protected Material under this Order;

(b) An audit trail of use and access to the Protected Material shall be maintained until thirty (30) days after the Receiving Party's return or destruction of the Protected Material pursuant to paragraph 14;

(c) Any downloaded Protected Material shall be stored only on devices (*e.g.*, laptop, tablet, smartphone, thumb drive, portable hard drive) that are encrypted and password protected with access limited to persons entitled to access Protected Material under this Order. If the user is unable to encrypt and password protect the device, then the Protected Material shall be encrypted and password protected at the file level;

(d) Protected Material in paper form is to be maintained in a secure location with access limited to persons authorized to access Protected Material under this Order; and

(e) Summaries of Protected Material, including any lists, memoranda, indices or compilations prepared or based on an examination of Protected Material that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be accorded the same security status as the underlying Protected Material.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:

(1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and

(2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the

burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>.

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court

order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent or mistaken production of documents subject to the attorney-client privilege, work-product immunity, or other legal privilege or doctrine protecting information from discovery ("Inadvertently Produced Documents") shall not constitute a waiver of the immunity or privilege. The Producing Party shall notify the Receiving Party in writing within a reasonable period of time from the discovery of the inadvertent or mistaken production. If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the Producing Party, all notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The Party receiving such Inadvertently Produced Documents may, after receipt

of the Producing Party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity.

The production of any Disclosure or Discovery Material, whether inadvertent or not, shall be without prejudice to any subsequent claim by the Producing Party that such Disclosure or Discovery Material is subject to the attorney-client privilege, work-product immunity, or other legal privilege or doctrine protecting information from discovery, and shall not be deemed a waiver of any such privilege or protection in either this Action or any other federal or state proceeding.

Failure to assert work product protection, attorney-client privilege, and/or other legal privilege protecting information from discovery in this lawsuit as to one document shall not be deemed to constitute a waiver in whole or in part, of any immunity or privilege protection as to any other document, even if the documents involve the same or similar subject matter.

12. <u>REDACTION OF CONFIDENTIAL, IRRELEVANT, AND PRIVILEGED INFORMATION</u>

(a) The Producing Party may redact from Disclosure or Discovery Materials, or portions thereof, information subject to the attorney-client or other privilege, information necessary to comply with applicable state and federal laws and regulations, and proprietary, confidential, or personal information not relevant to the claims or defenses of the parties.

(b) The Producing Party shall indicate on each redaction a brief, but specific identifier stating the basis for the redaction, *e.g.*, "protected personal information," "employee privacy," "attorney-client privilege." For redacted Disclosure or Discovery Materials included in an electronic production, a "Yes" will appear in the "Redacted" field included with the objective coding in the load file for the document production. Where a redaction is subsequently lifted by order of the Court or by agreement of the Parties (*e.g.*, subject to a privilege challenge), the

Producing Party shall produce replacement media for that document, including the unredacted TIFF, text or OCR files, and objective coding, with appropriate load files.

    (c)    Responsive Disclosure or Discovery Materials withheld from production based on a claim of privilege of any kind shall be reflected on a privilege log created in accordance with the Federal Rules of Civil Procedure or pursuant to any subsequent agreement of the Parties or order of the Court.

    (d)    Challenges to redactions shall be made in accordance with the procedures for challenging confidentiality designations, as set forth in section 6, above. Nothing herein is intended to alter the burden of proof for establishing the relevance of information under Federal Rule 26(b). Any failure to redact information described above does not waive any right to claims of privilege or privacy, or any objection, including relevancy, as to the specific document or any other document that is or will be produced.

13. <u>MISCELLANEOUS</u>

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.4 <u>Disclosure or Discovery Materials</u> and Foreign Law. Any entity organized under the laws of a country other than the United States, including but not limited to Japan, France, Germany, and the United Kingdom, that produces information in this litigation may designate as confidential those <u>Disclosure or Discovery Materials</u> in any form (including electronic or paper form) containing "Protected Data" within the meaning of the applicable data protection or privacy laws, if any.[2] Without prejudice to the right of a party to seek production and/or de-designation, "Protected Data" could potentially include, but is not limited to, any and all data which concerns an identified person or a person who is identifiable with recourse to additional information available to the data processor (*e.g.*, reference to an individual by his/her title or position within the company whose identify is specified in other available sources of information). In particular and without any limitation to either party's ability to make or to challenge any confidentiality designation, this could, under specific circumstances, apply to the following documents:

    a.    correspondence (electronic or on paper) which identifies or through recourse to other sources of information available to the data processor allows identification of its author(s)/sender(s) and/or its addressees/recipients (*e.g.*, all email correspondence, letters and faxes, including transmission reports);

---

[2] "Protected Data" shall refer to any information that a party believes in good faith to be subject to foreign data protection laws. Protected Data constitutes highly sensitive materials requiring special protection. Examples of such data protection laws include but are not limited to Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O J. (L281/31) (European Union personal information); Data Protection Act 1998 (c. 29) (United Kingdom personal information); the German Federal Data Protection Act (Germany personal information); French Data Protection Act. Law No. 78-17 of January, 6, 1978, J.C.P. 1978, El, No. 44692; and The Personal Information Protection Act (Law No. 57 of 2003) (Japan personal information).

  b. documents, such as memoranda, notes, and presentations, if they identify or allow identification of their author/sender and/or its addressee/recipient through recourse to other information available to the data processor;

  c. minutes of internal or external meetings as far as they include information about which individual(s) did or did not attend the meeting;

  d. personnel records and information; and

  e. any document containing private medical information.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. <u>VIOLATION</u>.  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  November 16, 2020        **BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**

By:   */s/ Monique Alarcon*
Monique Alarcon, Esq. (SBN: 311650)
malarcon@baumhedlundlaw.com
Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
R. Brent Wisner, Esq. (SBN: 276023)
rbwisner@baumhedlundlaw.com
10940 Wilshire Blvd, 17th floor
Los Angeles, CA 90024
Tel:  (310) 207-3233
Fax:  (310) 820-7444

*Attorneys for Plaintiffs*

DATED:  November 16, 2020        **NORTON ROSE FULBRIGHT US LLP**

By:   */s/ Darryl Anderson*
Darryl Anderson (pro hac vice)
Darryl.anderson@nortonrosefulbright.com
Geraldine Young (*pro hac vice*)
Geraldine.young@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

*Attorneys for Defendants*
TAKEDA PHARMACEUTICAL COMPANY LIMITED TAKEDA PHARMACEUTICALS USA INC. (F/K/A TAKEDA PHARMACEUTICAL NORTH AMERICA, INC.)

DATED:  November 16, 2020        **BOWMAN AND BROOKE LLP**
By:   */s/ Randall L. Christian*
Randall L. Christian

Randall.christian@bowmanandbrooke.com
2901 Via Fortuna Drive, Ste. 500
Austin, Texas 78746
Tele: (512) 874-3800
Fax: (512) 874-3801

*Attorneys for Defendant*
ELI LILLY AND COMPANY

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby certify that I have obtained authorization to affix Defendant's electronic signature to this document.

DATED: November 16, 2020

**BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**

*Monique Alarcon*
Monique Alarcon, Esq. (SBN: 311650)
malarcon@baumhedlundlaw.com
Michael L. Baum, Esq. (SBN: 119511)
mbaum@baumhedlundlaw.com
R. Brent Wisner, Esq. (SBN: 276023)
rbwisner@baumhedlundlaw.com
10940 Wilshire Blvd, 17th floor
Los Angeles, CA 90024
Tel: (310) 207-3233
Fax: (310) 820-7444

*Attorneys for Plaintiffs*

FOR GOOD CAUSE SHOWN, **IT IS SO ORDERED.**

DATED: November 19, 2020             / s / Sagar
Honorable Alka Sagar
United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Painters and Allied Trades District Council 82 Health Care Fund et al v. Takeda Pharmaceutical Co Ltd et al / 2:17-cv-07223-JWH(ASx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

20