UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-07223-JWH-AS | Date | May 26, 2023 |
| Title | *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Erica Bustos for Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER TO SHOW CAUSE RE UNSEALING ORDERS [ECF Nos. 325 & 326] (IN CHAMBERS)**

On May 22, 2023, the Court denied the motion of Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA Inc. to exclude the testimony of William S. Comanor—the expert witness of Plaintiffs Painters and Allied Trades District Council 82 Health Care Fund and Annie M. Snyder (jointly, "Plaintiffs").[1]  Two days later, the Court issued its order on Plaintiff's motion to certify two classes under Rule 23 of the Federal Rules of Civil Procedure:  a National Third-Party Payer Class and a California Consumer Class.[2]

The Court filed both the Comanor Order and the Class Certification Order under seal because many of the documents upon which the Court relied for its analysis, and that the Court quoted therein, were filed under seal.  However, it appears to the Court that neither the Comanor Order nor the Class Certification Order contains any confidential or sensitive information, and, consequently, that

---

[1]   *See* Order on Defs.' Mot. to Exclude Pls.' Expert Witness William S. Comanor (the "Comanor Order") [ECF No. 325].

[2]   *See* Mem. Op. and Order on Mot. for Class Certification (the "Class Certification Order") [ECF No. 326].

neither order should remain under seal. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point.") (citation and quotations omitted).

Accordingly, the Court hereby **ORDERS** as follows:

1.  The parties are **DIRECTED** to confer forthwith regarding the propriety of the Comanor Order and the Class Certification Order remaining under seal.

2.  The parties are **ORDERED** to show cause why either the Comanor Order or the Class Certification Order should remain under seal. The parties shall file their respective responses to this OSC no later than June 2, 2023.

3.  If any party contends that either the Comanor Order or the Class Certification Order should remain under seal, then that party is **DIRECTED** to propose (as a part of its response to this OSC) a redacted version that could be publicly available.

**IT IS SO ORDERED.**