Alexander Schultz (Bar. No. 340212)
aschultz@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4788
Facsimile: (424) 332-4749

*Counsel for Takeda Defendants*

*(Additional counsel listed on signature page)*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 82 HEALTH CARE FUND, a third-party healthcare payor fund, ANNIE M. SNYDER, a California consumer, RICKEY D. ROSE, a Missouri consumer, JOHN CARDARELLI, a New Jersey consumer, MARYLON K. BUCKNER, a Florida consumer, and SILVIE BIGORD, a Massachusetts consumer, on behalf of themselves and ALL others similarly situated,

Plaintiffs,

v.

TAKEDA PHARMACEUTICAL COMPANY LIMITED, a Japanese corporation; TAKEDA PHARMACEUTICALS USA, INC., an Illinois corporation (fka TAKEDA PHARMACEUTICALS NORTH AMERICA, INC.); and ELI LILLY & COMPANY, an Indiana corporation,

Defendants.

Civil Action No. 2:17-cv-07223-JWH (AS)

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' RICO CLAIMS (COUNTS I AND II); MEMORANDUM OF POINTS AND AUTHORITIES**

Date: December 12, 2025
Time: 9:00 a.m. PT
District Judge: John W. Holcomb
Magistrate Judge: Alka Sagar
Courtroom: 9D

[Filed concurrently with [Proposed] Order]

# TABLE OF CONTENTS

NOTICE OF MOTION ............ i
MEMORANDUM OF POINTS AND AUTHORITIES ............ 1
INTRODUCTION ............ 1
BACKGROUND ............ 1
PROCEDURAL STANDARD ............ 3
ARGUMENT ............ 3
I. The Indirect Purchaser Rule Bars Plaintiffs' RICO Claims. ............ 3
A. The indirect purchaser rule applies to RICO claims. ............ 3
B. The indirect purchaser rule bars Plaintiffs' claims. ............ 8
CONCLUSION ............ 9

## NOTICE OF MOTION

**TO PLAINTIFF PAINTERS FUND AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 12, 2025, in Courtroom 9D of the Ronald Reagan Federal Building and United States Courthouse, Santa Ana, before the Honorable John W. Holcomb, Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals USA, Inc., and Eli Lilly and Company will move for an order granting summary judgment on the RICO claims (Counts I and II) asserted in Plaintiffs' Second Amended Complaint by Painters and Allied Trades District Council 82 Health Care Fund, Annie Snyder, Rickey Rose, John Cardarelli, Marylon Buckner, and Silvie Bigord. This Motion is also made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 9, 2025.

This Motion is made pursuant to Federal Rule of Civil Procedure 56(a) and Local Rule 56-1 and is based on this Notice of Motion and Motion for Summary Judgment; Memorandum of Points and Authorities; the pleadings and papers on file herein; the Joint Exhibit; the Joint Statement of Disputed Facts and Genuine Disputes; and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: October 29, 2025

COVINGTON & BURLING LLP

By: /s/ Andrew Soukup
Andrew Soukup

Alexander Schultz (Bar. No. 340212)
aschultz@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4788

Michael X. Imbroscio (*pro hac vice*)
Andrew Soukup (*pro hac vice*)
Robert D. Wick (*pro hac vice*)
John S. Playforth (*pro hac vice*)
Stephen F. Petkis (*pro hac vice*)
mimbroscio@cov.com
asoukup@cov.com
rwick@cov.com
jplayforth@cov.com
spetkis@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: 202-778-5066

*Counsel for Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA, Inc.*

NORTON ROSE FULBRIGHT LLP

By: /s/ Darryl W. Anderson
Darryl W. Anderson

D'Lesli M. Davis (*pro hac vice*)
dlesli.davis@nortonrosefulbright.com
2200 Ross Avenue Suite 3600
Dallas, TX 75201-7932

Telephone: (214) 855-8221
Facsimile: 214-855-8200

Darryl W. Anderson (*pro hac vice*)
Geraldine W. Young (*pro hac vice*)
darryl.anderson@nortonrosefulbright.com
geraldine.young@nortonrosefulbright.com
1301 McKinney Suite 5100
Houston, TX 77010
Telephone: (713) 651-5562
Facsimile: 713-651-5246

*Counsel for Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA, Inc.*

KIRKLAND & ELLIS LLP

By: <u>*/s/ Jason A. Feld*</u>
Jason A. Feld

Diana M. Watral (*pro hac vice*)
Jason A. Feld (*pro hac vice*)
Robert B. Ellis (*pro hac vice*)
Ryan J. Moorman (*pro hac vice*)
diana.watral@kirkland.com
jason.feld@kirkland.com
rellis@kirkland.com
ryan.moorman@kirkland.com
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2772
Facsimile: (214) 855-8200

Michael J. Shipley (SBN: 233674)
mshipley@kirkland.com
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (213) 680-8400

*Counsel For Defendant Eli Lilly and Company*

BOWMAN AND BROOKE LLP

By: */s/ Randall L. Christian*
Randall L. Christian

Randall L. Christian
Randy.christian@bowmanandbrooke.com
2901 Via Fortuna Drive, Suite 500
Austin, TX 78746
Telephone: (512) 874-3811

*Counsel For Defendant Eli Lilly and Company*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Painters and Allied Trades District Council 82 Health Care Fund ("Painters")—the only representative of the class of third-party payors ("TPPs") this Court certified—and each of the individual Plaintiffs bring RICO claims that are squarely foreclosed by the indirect purchaser rule because discovery indisputably confirms that no Plaintiff purchased Actos directly from any Defendant. Joint Statement Nos. 1–14.

Every appellate court to have considered this question, as well as a district court within the Ninth Circuit, have reached the same conclusion: according to the Supreme Court's bright-line rule, indirect purchasers like Plaintiffs lack standing to bring RICO claims. This Court should therefore grant summary judgment in Defendants favor on all of Plaintiffs' RICO claims.

## BACKGROUND

Individual Plaintiffs Annie Snyder, Rickey Rose, John Cardarelli, Marylon Buckner, and Silvie Bigord are consumers who allegedly took Actos. "Painters Fund is a [TPP] of health and welfare benefits to covered members and their families. As a TPP, Painters Fund reimburses its members' claims for drugs, including Actos, submitted by pharmacies and healthcare providers covered by its plan." *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, 943 F.3d 1243, 1247 (9th Cir. 2019). Plaintiffs have asserted RICO claims against Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals USA, Inc., and Eli Lilly and Company, claiming that Defendants committed fraud by allegedly concealing purported bladder cancer risks associated with the diabetes medication Actos,[1] the brand name of the generic medicine known as

[1] In particular, Plaintiffs accuse Defendants of fraud via the manner in which they marketed Actos, ActosPlus MET, ActosPlus MET XR, Duetact, and/or Oseni. These medicines collectively are referred to in this memorandum as "Actos."

pioglitazone. According to Plaintiffs, Defendants' alleged conduct caused doctors to write—and TPPs to reimburse—more Actos prescriptions than they otherwise would have.

In their answer to Plaintiffs' Second Amended Complaint, Defendants both pled that Plaintiffs lacked statutory standing under RICO. *See* ECF No. 219 (Takeda Answer) at 60; ECF No. 220 (Lilly Answer) at 140. Discovery from Plaintiffs confirms that none of them ever purchased Actos directly from Takeda or Lilly because neither Takeda nor Lilly sold Actos directly to patients (like the individual plaintiffs) or health plans (like Painters). Joint Statement Nos. 1–14. Instead, Takeda sold Actos to drug wholesalers and distributors, which, in turn, sold Actos to pharmacies. *See* Joint Statement Nos. 1–4. (agreeing that "pharmacies, in turn, have contracts with drug manufacturers or with wholesalers to obtain the drugs that they're dispensing"). The individual Plaintiffs then purchased Actos from those pharmacies, which are at least two steps removed from Defendants in the Actos distribution chain. *See* Joint Statement Nos. 5–14. Painters is even further removed than the individual Plaintiffs because they did not purchase Actos from anyone. Rather, it reimbursed the expenses of plan members (i.e., patients) who were themselves indirect purchasers. *See* Joint Statement Nos. 1–4.

Although Plaintiffs' status as indirect purchasers was not clear on the face of the Complaint, discovery has confirmed they are at best indirect purchasers of Actos. None are direct purchasers. At the August 29 status conference, Defendants requested and received permission from this Court to file an early summary judgment motion invoking RICO's indirect purchaser rule.[2] *See* ECF No. 387. Granting this Motion would resolve the RICO claims of the individual Plaintiffs and would wipe out the RICO class that has been certified, as Painters is the only representative of the class. *See Sloan v. Gen. Motors LLC*, No. 16-cv-07244, 2020 WL 1955643, at *39 (N.D. Cal. Apr. 23, 2020) (explaining

[2] In filing this Motion, Defendants do not waive the right to bring another motion on the merits (including as to the individual Plaintiffs' remaining claims) at a later date, consistent with this Court's Standing Order.

that because "summary judgment has been granted in favor of [defendant] as to all claims of the New Jersey Plaintiff … no New Jersey class remains").

## PROCEDURAL STANDARD

Fed. R. Civ. P. 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Where, as here, the nonmoving party has the burden of proof at trial, the movant "need only prove there is an absence of evidence to support the nonmoving party's case." *Whitaker v. Urb. Outfitters W. LLC*, No. 19-cv-08444, 2021 WL 12271394, at *2 (C.D. Cal. Feb. 26, 2021) (Holcomb, J.).

## ARGUMENT

### I. The Indirect Purchaser Rule Bars Plaintiffs' RICO Claims.

"[C]ivil RICO is an unusually potent weapon—the litigation equivalent of a thermonuclear device." *Quach v. Cross*, No. CV0309627, 2004 WL 2860345, at *4 (C.D. Cal. Apr. 7, 2004) (citation omitted). For that reason, courts strive to "flush out" RICO claims that miss the mark "at an early stage." *JST Distrib., LLC v. CNV.com, Inc.*, No. CV 17-6264, 2018 WL 6113092, at *8 (C.D. Cal. Mar. 7, 2018) (citation modified). Because Plaintiffs did not directly purchase Actos from any Defendant, the indirect purchaser rule applies and Plaintiffs' RICO claims cannot stand.

#### A. The indirect purchaser rule applies to RICO claims.

Congress limited standing under RICO to a "person injured in his business or property" by the alleged violation. 18 U.S.C. § 1964(c). This means that "indirect purchasers who are two or more steps removed" from the defendant "in a distribution chain may not sue." *Apple Inc. v. Pepper*, 587 U.S. 273, 280 (2019). This rule, known as the indirect-purchaser rule, is an "analytically distinct" analysis from RICO's proximate cause

requirement. *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 851 n.14 (3d Cir. 1996); *see also, e.g.*, *Humana Inc. v. Teva Pharms. USA, Inc.*, 787 F. Supp. 3d 1298, 1305 (M.D. Fla. 2025) ("RICO's civil-suit provision imposes two distinct but overlapping limitations on claimants—standing and proximate cause." (citation modified)); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 546 F. Supp. 3d 1216, 1225 (S.D. Fla. 2021) ("[P]roximate causation and the indirect purchaser rule, while related, are two analytically distinct aspects of standing." (citation modified)). The Ninth Circuit's ruling earlier in this case, that Plaintiffs "satisfactorily alleged that Defendants proximately caused their claimed damages at the pleadings stage" did not address the separate question of whether Plaintiffs' claims are barred by the indirect purchaser rule. *Painters*, 943 F.3d at 1260; *see also Humana, Inc. v. Biogen, Inc.*, 666 F. Supp. 3d 135, 152 (D. Mass. 2023), *aff'd on other grounds by*, 126 F.4th 94 (1st Cir. 2025) (explaining although a prior First Circuit ruling "is controlling as to the issue of but-for and proximate causation, it is not as to the application of the indirect purchaser rule").

The Supreme Court established the indirect purchaser rule in the context of the Clayton Act, which provides a private right of action in antitrust cases using language nearly identical to the private right of action language in the RICO statute. The rule was "established in *Hanover Shoe* and *Illinois Brick*." *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 207 (1990). In *Hanover Shoe, Inc. v. United Shoe Machinery Corporation*—a case decided two years before RICO's enactment— the Supreme Court held that a direct purchaser who paid an "illegally high" price may assert a claim under Section 4 of the Clayton Act, whether or not the direct purchaser passed on the overcharge to others. 392 U.S. 481, 489–90 (1968). In *Illinois Brick*, the Supreme Court addressed "the other side of the coin." *Pepper*, 587 U.S. at 290 (Gorsuch, J., dissenting). There, the Supreme Court held that an "overcharged direct purchaser, and not others in the chain of manufacture or distribution, is the party 'injured in his business or property.'" *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 729 (1977).

The Supreme Court has made clear that its decision in *Illinois Brick* "established a bright-line rule that authorizes suits by *direct* purchasers but bars suits by *indirect* purchasers," which means courts do not "ask whether the rationales" for the rule apply "in every individual case." *Pepper*, 587 U.S. at 279, 285 (emphasis added); *UtiliCorp United*, 497 U.S. at 217 ("[E]ven assuming that any economic assumptions underlying the *Illinois Brick* rule might be disproved in a specific case, we think it an unwarranted and counterproductive exercise to litigate a series of exceptions."). The Ninth Circuit likewise has recognized the indirect purchaser rule as a "bright-line rule." *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 748 (9th Cir. 2012). This means courts do not "resolve what party was a direct purchaser by calculating exactly where the harm lay." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 92 (3d Cir. 2011); *see also In re Zantac*, 546 F. Supp. 3d at 1226 ("[T]here are no 'direct-harm' or 'first victim' exceptions to the indirect purchaser rule. … As the Supreme Court explained, the rule is simple and straightforward."). Any other reading, the Supreme Court has held, would "open the door to duplicative recoveries" and bog down litigation in the "evidentiary complexities and uncertainties" of determining potential effects on "a plaintiff several steps removed from the defendant in the chain of distribution." *Ill. Brick Co.*, 431 U.S. at 731–32. This is true even when there is "no danger of duplicative recovery" because the direct purchaser has not sued. *Dickson v. Microsoft Corp.*, 309 F.3d 193, 215 (4th Cir. 2002) (applying *Illinois Brick* despite argument that there is "no danger of duplicative recovery" because the direct purchasers had not elected to sue).

Although the indirect purchaser rule originated in the antitrust context, the bright-line rule applies with equal force to limit who may bring a civil RICO claim. "Congress modeled § 1964(c)," RICO's civil-action provision, "on the civil action provision of the federal antitrust laws." *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 267 (1992). The Clayton Act uses nearly identical language as the RICO statute to limit who may sue for damages under the antitrust laws. *Compare* 18 U.S.C. § 1964(c) ("[a]ny person injured in

his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court"), *with* 15 U.S.C. § 15(a) ("any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States… ."). That same language therefore carries the same meaning in RICO, because courts must "assume [Congress] intended [the language in RICO] to have the same meaning that courts had already given them" in the antitrust context. *Holmes*, 503 U.S. at 268; *see also Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168 (9th Cir. 2002), (observing that these provisions "have been interpreted in tandem").

For these reasons, "[e]very circuit to have considered the issue has held that the [indirect purchaser] rule also applies to civil RICO actions, and that indirect purchasers therefore do not have standing to assert RICO claims." *Biogen*, 666 F. Supp. 3d at 141 (indirect purchaser rule barred RICO claims by TPP), *aff'd on other grounds*, 126 F.4th 94 (1st Cir. 2025); *see also Fenner v. Gen. Motors, LLC*, 113 F.4th 585, 605 (6th Cir. 2024) ("[I]ndirect purchasers … do not have standing under RICO."); *Humana, Inc. v. Indivior, Inc.*, 2022 WL 17718342, at *3 (3d Cir. Dec. 15, 2022) ("[T]he injury that the Insurers purportedly suffered came from the 'reimbursed prescriptions.' Such a claim is barred by the indirect-purchaser rule."); *McCarthy*, 80 F.3d at 855 (finding "antitrust standing principles apply equally to allegations of RICO violations); *Carter v. Berger*, 777 F.2d 1173, 1177 (7th Cir. 1985) (*"Illinois Brick* rule . . . applies to RICO"). Several other appellate courts have assumed the rule applies as well. *See Newton v. Tyson Foods, Inc.*, 207 F.3d 444, 447 (8th Cir. 2000) ("Without deciding whether in some or perhaps all RICO cases the *Illinois Brick* direct-purchaser rule should be applied to determine standing, we simply observe that all the reasons that antitrust standing is limited to those directly injured apply with especially great force here…."); *Sperber v. Boesky*, 849 F.2d 60, 64–65 (2d Cir. 1988) (observing that indirect purchasers "probably cannot recover under RICO, just as they cannot recover under the anti-trust laws."); *NCNB Nat. Bank of North Carolina v.*

*Tiller*, 814 F.2d 931, 937 (4th Cir. 1987) ("An indirectly injured party should look to the recovery of the directly injured party, not the wrongdoer for relief."), *overruled on other grounds by Busby v. Crown Supply, Inc.*, 896 F2d 833 (4th Cir. 1990). Numerous other district courts across the country have reached the same result.[3]

Although the Ninth Circuit has not directly addressed this issue, its prior decisions show strong support for the indirect purchaser rule. In *Mendoza v. Zirkle Fruit Company*, the Ninth Circuit observed (in a case that did not involve an indirect purchaser) that "potential plaintiffs who have suffered 'passed-on' injury—that is, injury derived from a third party's direct injury—lack statutory [RICO] standing." 301 F.3d at 1168–69. Relying on *Mendoza*, another California federal court recently applied the indirect purchaser rule to RICO claims brought by an indirect purchaser. *Biederman v. FCA US LLC*, 765 F. Supp. 3d 920, 931-34 (N.D. Cal. 2025) ("The Court is persuaded that the identical language present in RICO and the Clayton Act must be interpreted the same, and therefore, indirect purchasers may not sue."), *appeal granted*, No. 25-3063 (9th Cir. June 18, 2025).

---

[3] *See, e.g.*, *In re Oral Phenylephrine Mktg. & Sales Pracs. Litig.*, 755 F. Supp. 3d 208, 219 (E.D.N.Y. 2024), *appeal docketed*, No. 24-3296 (2d Cir.) ("Where an antitrust standing requirement is easily intelligible in the civil RICO context, such as with the bright-line rule at issue here, the identical language of the statutes dictates that courts apply the same requirement in both contexts."); *MSP Recovery Claims, Series LLC v. Pfizer, Inc.*, 728 F. Supp. 3d 89, 107 (D.D.C. 2024), *appeal docketed*, No. 25-7045 (D.C. Cir.) ("*Illinois Brick*'s indirect-purchaser rule applies in civil RICO cases."); *In re Zantac*, 546 F. Supp. 3d at 1221 ("The indirect purchaser rule bars Plaintiffs' RICO claim because they did not purchase OTC Zantac directly from Defendants. Plaintiffs therefore do not have statutory standing to sue Defendants under RICO."); *Harris Cnty. v. Eli Lilly & Co.*, 2020 WL 5803483, at *12 (S.D. Tex. Sep. 29, 2020) ("[T]he *Illinois Brick* Court's bar on indirect-purchaser suits applies to RICO claims"); *In re Insulin Pricing Litig.*, 2019 WL 643709, at *16 (D.N.J. Feb. 15, 2019) ("[Plaintiffs] failed to allege that they directly purchased the analog insulin from Defendants. Rather, Plaintiffs claim injury by virtue of inflated prices of their downstream purchase. Therefore, Plaintiffs' claims are barred by the indirect purchaser rule.").

**B. The indirect purchaser rule bars Plaintiffs' claims.**

Under the indirect purchaser rule, Plaintiffs lack standing to bring RICO claims. The individual Plaintiffs are indirect purchasers because they did not purchase Actos directly from Takeda or Lilly. Joint Statement Nos. 5–14. Rather, they purchased Actos from pharmacies, who in turn purchased Actos from some other intermediary. *Id.* at 2. The indirect purchaser rule therefore prevents consumers like Plaintiffs from bringing civil RICO claims against manufacturers like Takeda and Lilly. *See Pepper*, 587 U.S. at 280 ("[I]f manufacturer A sells to retailer B, and retailer B sells to consumer C, then C may not sue A."); *Biederman*, 765 F. Supp. 3d at 932 ("Plaintiffs fail to plausibly allege statutory standing to bring a civil RICO claim against [the manufacturer], since they purchased the Class Trucks from a retailer, not directly from [the manufacturer]."); *In re Zantac*, 546 F. Supp. 3d at 1225 (barring RICO claims asserted by consumers when "Plaintiffs were not the first, nor even the second, purchasers in the OTC Zantac distribution chain. They were, by definition, indirect purchasers who lack standing to sue Defendants under RICO."); *Minnesota by Ellison v. Sanofi-Aventis U.S. LLC*, No. 18-cv-14999, 2020 WL 2394155, at *9 (D.N.J. Mar. 31, 2020) (barring RICO claims asserted by consumers who did not "directly purchase[] insulin drugs from Defendants," but instead were "multiple purchasers down the distribution chain from Defendants and [were] quintessential indirect purchasers for the purposes of the indirect purchaser rule").

Painters stands yet one further link away in the distribution chain: its alleged injuries stem from its decisions to reimburse plan members who themselves were indirect purchasers. It neither purchased Actos directly from Takeda nor Lilly, nor did it reimburse plan members for Actos purchases made directly from Defendants. *See* Joint Statement Nos. 1–4 (listing pharmacies that Painters, through Prime Therapeutics, reimbursed for Actos prescriptions; neither Takeda nor Lilly is mentioned).

Courts have repeatedly applied the indirect purchaser rule to bar RICO claims asserted by third party payors like Painters. For example, the insurer plaintiffs in *Indivior*

attempted to bring RICO claims based on the theory that they had "suffered injuries when they reimbursed prescriptions" for certain medicine, but the Third Circuit held that the very definition of an indirect purchaser "aligns with the definition of a 'third-party payor,' which comprises those who are barred from recovery in a RICO action by the indirect purchaser rule." 2022 WL 17718342, at *3. Likewise, the insurer plaintiff in *Biogen* attempted to bring RICO claims against a pharmaceutical company whose actions allegedly led to "artificially inflated price reimbursement by third-party payors … such as plaintiff," but because there was no indication that plaintiff "actually paid anything directly to Biogen," it "did not have standing to assert a civil RICO claim." 666 F. Supp. 3d at 152–53. Numerous other courts have reached the same result. *See, e.g.*, *Cleveland Bakers & Teamsters Health & Welfare Fund v. AMAG Pharms., Inc.*, 2025 WL 1024103, at *6 (D. Mass. Mar. 12, 2025) ("[P]laintiff is a fund that pays for health benefits for union members, not a direct purchaser of prescription drugs …. Accordingly, plaintiff is an indirect purchaser of Makena and does not have standing to contest defendants' marketing practices under the RICO statute."); *Teva Pharms. USA*, 787 F. Supp. 3d at 1306 (holding that because "Plaintiff is an insurance company … alleged to be a third-party payor …[,] Plaintiff is not a direct purchaser" and thus "lacks statutory standing to bring … [a] RICO claim"); *United Healthcare Servs., Inc. v. United Therapeutics Corp.*, No. 22-2948, 2024 WL 1256266, at *11 (D. Md. Mar. 25, 2024) (applying the indirect-purchaser rule to third-party payor that "reimburses pharmacies for its insureds' purchases," making the plaintiff "an indirect purchaser" that lacks "statutory standing to bring a civil RICO claim"). This Court should as well.

## CONCLUSION

The individual Plaintiffs and Painters all are indirect purchasers of Actos. As a result, they lack the requisite standing to bring their RICO claims. This Court should enter summary judgment in favor of Defendants on Plaintiffs' RICO claims (Counts I and II).

DATED: October 29, 2025

COVINGTON & BURLING LLP

By: /s/ Andrew Soukup
Andrew Soukup

Alexander Schultz (Bar. No. 340212)
aschultz@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4788
Facsimile: 424-332-4749

Michael X. Imbroscio (*pro hac vice*)
Andrew Soukup (*pro hac vice*)
Robert D. Wick (*pro hac vice*)
John S. Playforth (*pro hac vice*)
Stephen F. Petkis (*pro hac vice*)
mimbroscio@cov.com
asoukup@cov.com
rwick@cov.com
jplayforth@cov.com
spetkis@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: 202778-5066

*Counsel for Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA, Inc.*

NORTON ROSE FULBRIGHT LLP

By: /s/ Darryl Anderson
Darryl W. Anderson

D'Lesli M. Davis (*pro hac vice*)

dlesli.davis@nortonrosefulbright.com
2200 Ross Avenue Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8221
Facsimile: 214-855-8200

Darryl W. Anderson (*pro hac vice*)
Geraldine W. Young (*pro hac vice*)
darryl.anderson@nortonrosefulbright.com
geraldine.young@nortonrosefulbright.com
1301 McKinney Suite 5100
Houston, TX 77010
Telephone: (713) 651-5562
Facsimile: 713651-5246

*Counsel for Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA, Inc.*

KIRKLAND & ELLIS LLP

By: /s/ Jason Feld
Jason A. Feld

Diana M. Watral (*pro hac vice*)
Jason A. Feld (*pro hac vice*)
Robert B. Ellis (*pro hac vice*)
Ryan J. Moorman (*pro hac vice*)
diana.watral@kirkland.com
jason.feld@kirkland.com
rellis@kirkland.com
ryan.moorman@kirkland.com
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2772
Facsimile: 214-855-8200

Michael J. Shipley (SBN: 233674)
mshipley@kirkland.com

2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (213) 680-8400

*Counsel For Defendant Eli Lilly and Company*

BOWMAN AND BROOKE LLP

By: */s/ Randall Christian*
Randall L. Christian

Randall L. Christian
Randy.christian@bowmanandbrooke.com
2901 Via Fortuna Drive, Suite 500
Austin, TX 78746
Telephone: (512)874-3811

*Counsel For Defendant Eli Lilly and Company*

## L.R. 5-4.3.4 ATTESTATION

The undersigned, counsel for Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA, Inc., attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's contents and have authorized the filing.

DATED: October 29, 2025

*/s/ Andrew Soukup*
Andrew Soukup

## L.R. 11-6.1 ATTESTATION

The undersigned, counsel for Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA, Inc., certifies that this brief contains 3,183 words, which complied with the word limit of L.R. 11-6.1.

DATED: October 29, 2025

*/s/ Andrew Soukup*
Andrew Soukup