| | |
|---|---|
| Michael L. Baum, Esq. (SBN: 119511) <br> mbaum@wisnerbaum.com <br> R. Brent Wisner, Esq. (SBN: 276023) <br> rbwisner@wisnerbaum.com <br> Harrison E. James, Esq. (SBN: 337733) <br> hjames@wisnerbaum.com <br> **WISNER BAUM, LLP** <br> 11111 Santa Monica Blvd, Suite 1750 <br> Los Angeles, CA 90025 <br> Telephone: (310) 207-3233 <br> Facsimile: (310) 820-7444 | Christopher L. Coffin (*pro hac vice*) <br> ccoffin@pbclawfirm.com <br> **COFFIN LAW, LLC** <br> 1311 Avenue Ponce de Leon Suite 504 <br> San Juan, PR 00907 <br> Telephone: (787) 961-9988 |

*Class Counsel and Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 82 HEALTH CARE FUND, a third-party healthcare payor fund, ANNIE M. SNYDER, a California consumer, RICKEY D. ROSE, a Missouri consumer, JOHN CARDARELLI, a New Jersey consumer, MARLYON K. BUCKNER, a Florida consumer, and SYLVIE BIGORD, a Massachusetts consumer, on behalf of themselves and ALL others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TAKEDA PHARMACEUTICAL COMPANY LIMITED, a Japanese corporation; TAKEDA PHARMACEUTICALS USA, Inc., an Illinois corporation (fka TAKEDA PHARMACEUTICALS NORTH AMERICA, Inc.); and ELI LILLY & COMPANY, an Indiana corporation, <br><br> Defendants. | Case No.: 2:17-cv-07223-JWH (ASx) <br><br> Hon. John W. Holcomb <br> Hon. Alka Sagar <br><br> **JOINT STATUS REPORT** <br><br> Date: March 20, 2026 <br> Time: 11:00 am <br> Location: Courtroom 9D <br> Ronald Reagan Federal Building and United States Courthouse <br> 411 W. 4th Street, Santa Ana, CA 92701 <br> Judge: Hon. John W. Holcomb |

# JOINT STATUS REPORT

Pursuant to the Court's January 9, 2026 Order [ECF No. 436], Plaintiffs Painters and Allied Trade District Council 82 Health Care Fund, Annie M. Snyder, Rickey D. Rose, John Cardarelli, Marlyon K. Buckner, and Sylvie Bigord ("Plaintiffs") and Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA, Inc., along with Eli Lilly and Company ("Defendants"), jointly submit the following status report.

The *Biederman* appeal was argued on February 12, 2026, and is now submitted and pending decision. *Biederman v. FCA US, LLC*, Case No. 25-3854 (9th Cir.). Separately, Defendants filed a petition for writ of certiorari on November 26, 2025. Plaintiffs filed their opposition on February 2, 2026, and Defendants filed their reply on February 18. The petition was distributed for a March 6 conference.

The parties, accordingly, provide their positions on the posture of this case and proposals for addressing next steps following a decision from the Ninth Circuit in *Biederman*. The parties do not believe the March 20 status conference is necessary, but counsel will attend a status conference on that date if the Court would find it helpful.

**Plaintiffs' statement**

    A.    The *Biederman* Appeal and Proposed Next Steps

Plaintiffs propose that, upon issuance of the Ninth Circuit's decision in *Biederman*, the parties file supplemental briefs, not to exceed 10 pages per side, addressing the impact of that decision on Defendants' Motion for Summary Judgment. As noted in Plaintiffs' opposition, the issue is not whether the indirect purchaser rule ("IPR") applies to civil RICO claims generally, which appears to be the focus in *Biederman*; indeed, in their opposition, Plaintiffs expressly indicated that the IPR does apply, in certain circumstances, to RICO claims. ECF No. 419. The issue is whether the Ninth Circuit will provide guidance about how the IPR applies to RICO claims beyond the instructions provided in *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1168– 69 (9th Cir. 2002). *E.g.*, *MSP Recovery Claims, Series LLC v. Amgen Inc.* ("Amgen

*II")*, No. 2:23-CV-03130-MEMF-PD, 2025 WL 1924057, at *2 (C.D. Cal. June 24, 2025) (holding that IPR applies to a quantity-effect RICO claim involving a pharmaceutical product and recognizing "that these [*Mendoza*] factors govern the Court's IPR analysis."). It is unclear whether the Ninth Circuit will address the *Mendoza* test in *Biederman* or merely determine whether, as a threshold matter, the IPR applies to RICO. Either way, the Ninth Circuit's decision could be instructive or helpful in addressing the pending Motion.

Because Defendants are the moving party, Plaintiffs propose that Defendants file the opening supplemental brief, and Plaintiffs respond. Plaintiffs propose that, within seven days of the Ninth Circuit's decision, Defendants file a supplemental brief with the Court, and within seven days, Plaintiffs file a response. Following completion of the supplemental briefing, Plaintiffs request that the Court set a hearing on the Motion.

In the meantime, consistent with the Court's January 9 Order [ECF No. 436], limited discovery should continue apace. And, consistent with the Court's February 3 Order [ECF No. 442], the Class Notice Administrator will proceed with rolling out the approved Class Notice Plan. In addition, the Parties are in the process of completing the discovery initiated prior to the Court's order vacating the November trial date.

In light of the foregoing, Plaintiffs respectfully submit that the currently scheduled March 20 hearing may be vacated, subject to resetting as appropriate following the Ninth Circuit's decision and supplemental briefing.

**B.     Response to Defendants' Claims About Absent Class Member Discovery**

Below, Defendants raise concerns about absent class member discovery, claiming that Plaintiffs have refused to meet and confer regarding the scope of such discovery. Plaintiffs do not think the topic of absent class member discovery is relevant due to the stay on class discovery, though nonetheless endeavor to address Defendants' contentions and provide some appropriate context.

After this case was remanded to this Court following the recent Ninth Circuit

order, Plaintiffs moved to lift the stay that was then in place (Defendants' opposed), and the stay was lifted on August 28, 2025. ECF No. 387. Despite this occurring in August 2025, Defendants took no action to seek discovery against absent class members for months. That changed around Christmas, when Defendants informed Plaintiffs of their intent to serve subpoenas on 67 putative class members that sought decades of claim-level data, formulary decisions, contracts, communications, and internal deliberations—discovery that mirrors (and exceeds) party discovery, the type of discovery that requires assistance of counsel to complete. The parties met and conferred, and Plaintiffs indicated they could accept service for the purposes of teeing up a noticed motion to quash / motion for protective order, as Plaintiffs felt the subpoenas were overbroad and inappropriate at this stage, especially given that class notice had not been given. Defendants stated they would proceed with serving the subpoenas, so Plaintiffs voiced their intention to move *ex parte* to seek a protective order preventing service of the subpoenas. Takeda, though, indicated that it had already engaged process servers. Accordingly, on December 23, Plaintiffs filed an *ex parte* application to quash the subpoenas. ECF No. 422.

Notwithstanding Defendants' efforts to serve overbroad subpoenas on 60+ absent class members during the holidays over Plaintiffs' objections, Defendants decided to file a motion to stay the case on December 26. ECF No. 425. Plaintiffs opposed.

On December 31, Judge Sagar issued an order quashing Defendants' absent class member subpoenas, finding that "the requests do not appear to be tailored to the asserted purpose of determining whether certain absent class members have viable claims; they appear to seek merits-based discovery on a large scale." ECF No. 429 at 4–5. And, on January 9, 2026, the Court granted Defendants' motion to stay in part—the order stayed discovery pertaining to Plaintiffs' class claims but permitted discovery to proceed pertaining to Plaintiffs' individual claims. ECF No. 436.

In sum: Defendants waited months to raise the issue of absent class member discovery after the stay was lifted; Takeda proceeded with serving onerous, overbroad

subpoenas on absent class members that would necessitate the assistance of counsel, all over Plaintiffs' objections; and, finally, Defendants moved to stay all discovery in the case, and were largely successful. So, in light of the foregoing, Plaintiffs have maintained that there is no reason to continue working on theoretical class discovery that Defendants successfully stayed. If Defendants were to change their tune and file a motion seeking to lift the stay and reinstate a trial date, Plaintiffs would not oppose. But, as of now, with the stay on class discovery in place, Defendants' insistence on working on absent class member discovery makes little sense.

**Defendants' statement**

On December 4, this Court entered an order continuing the hearing on Defendants' motion for summary judgment because the issues presented by that motion—whether RICO's indirect purchaser rule bars Plaintiffs' claims—are substantially similar to issues pending before the Ninth Circuit in *Biederman v. FCA US, LLC*, No. 25-3854 (9th Cir.), and directed the parties to submit a status report that "advises the Court regarding the posture of the appeal in *Biederman*." ECF No. 421. On January 9, this Court vacated the current trial schedule, stayed discovery relating to the class claims, and said it planned to discuss the scheduling for the hearing on Defendants' summary judgment motion at a status conference that is now scheduled to occur on March 20. *See* ECF Nos. 436, 443.

    **A.**    **The Status Of The *Biederman* Appeal And Next Steps On Summary Judgment.**

The parties agree that the existing discovery stay, as outlined in this Court's January 9 order, should remain in place. Defendants propose that this Court enter the following order to govern next steps on Defendants' summary judgment motion:

- If the Court desires, and on the assumption that the *Biederman* court will issue a decision by April 24, 2026, Defendants would be willing to have the Court set a hearing on their motion for summary judgment for May 15, 2026, or as soon thereafter as the Court's schedule allows.

- If the *Biederman* court has issued a decision by April 24, 2026, the parties may each submit a supplemental memorandum of up to five pages[1] addressing the impact of that decision on Defendants' summary judgment motion by May 1, 2026.

- If the *Biederman* court has not issued a decision by April 24, 2026, the parties will inform this Court, and this Court will continue the summary judgment hearing to July 10, or as soon thereafter as the Court's schedule allows, with the deadline to submit supplemental memorandums continued to two weeks before the hearing. The Court will continue this hearing if the *Biederman* court has not issued a decision at least three weeks in advance of a continued hearing.

A recording of the *Biederman* oral argument is available,[2] and questions from each of the judges during oral argument signaled support for Defendants' arguments that summary judgment should be entered in their favor. *See* Oral Argument at 1:02–1:40 (Judge Smith observing that the Supreme Court in *Illinois Brick* "interpreted the language" in the Clayton Act to apply the indirect purchaser rule, and "the language is the same" in the RICO statute); *id.* at 3:17–3:30 (Judge Smith observing that "[t]he Supreme Court already said in *Holmes* that the presumption of consistent meaning of the civil RICO [statute] and the Clayton [Act] are the same"); *id.* at 10:15–10:35 (Judge Nguyen observing that if the Ninth Circuit holds "that *Illinois Brick*'s analysis doesn't map on to RICO," then the Ninth Circuit "would be the first circuit to say so" and would be "creating a split with the Third, the Sixth, and the Seventh"); *id.* at 11:22–11:44 (Judge Sanchez stating he was "reluctant to approach this case from policy balancing analyses" because *Holmes* "started with the statutory hook, the statutory context of the

---

[1] In Defendants' view, a ten-page supplemental memorandum addressing the impact of *Biederman* is excessive, given that Defendants' opening summary judgment memorandum was nine pages.

[2] *Biederman et al. v. FCA US, LLC, et al.*, No. 25-3854 (9th Cir. Feb. 12, 2026), https://www.ca9.uscourts.gov/media/audio/?20260212/25-3854/.

identical language"). Defendants made the same points in their summary judgment papers.³

For these reasons, other than setting a schedule to govern future proceedings with Defendants' summary judgment motion, there is no reason to otherwise modify the stay until after the Ninth Circuit issues its decision in *Biederman* and this Court rules on Defendants' summary judgment motion.

**B.    The Status Of Discovery.**

Consistent with this Court's January 9 order, the parties completed the deposition of one third-party witness (former FDA employee Dr. Robert Misbin)⁴ and have scheduled the deposition of two other third-party witnesses (Daniel Orlando, scheduled to be deposed on March 19, and Dr. Samuel Cohen, scheduled to be deposed on April 2).

In the unlikely event that this Court denies Defendants' summary judgment motion, Defendants flag that there are at least two outstanding discovery issues that will likely require a lengthy schedule before this case can be ready for trial. First, Plaintiffs have refused to meet and confer regarding the scope of discovery from absent class members. Defendants have long made clear that—as contemplated by this Court's class certification order—they intend to take discovery from third parties, including absent class members. When Defendants attempted to pursue that discovery in December, Plaintiffs sought and obtained an *ex parte* order quashing subpoenas to absent class members. ECF No. 429. Judge Sagar ordered the parties "to meet and confer on what, if any, absent class member discovery is appropriate, and if they are unable to reach

---

³ *See* ECF No. 409 at 5–6 (Because the "Clayton Act uses nearly identical language as the RICO statute to limit who may sue," the language "carries the same meaning in RICO." (citing *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 267 (1992))); *id.* at 6 (observing that "[e]very circuit to have considered the issue" has applied the indirect purchaser rule to RICO); ECF No. 420 at 7 (RICO's indirect purchaser rule "does not provide [courts] the leeway to make a policy determination on a case-by-case basis.").

⁴ Although this Court permitted a second deposition of another former FDA employee, Plaintiffs withdrew their subpoena before the deposition occurred.

agreement, they must seek an informal discovery conference to resolve their competing proposals." *Id.* at 5.  Consistent with Judge Sagar's order, Defendants have asked Plaintiffs to meet and confer about the scope of absent class member discovery, but Plaintiffs have refused to do so in light of the stay.[5]

Second, there are outstanding third-party subpoenas to the twenty-three Settling Health Plans (SHPs) who released Actos claims on behalf of themselves and other TPP class members that delegated settlement authority to the twenty-three SHPs as part of the November 2017 settlement of Louisiana Health Service and Indemnity Co. v. Takeda Pharmaceuticals Int'l Inc. (collectively covering 87.5% of lives covered by private health insurance as of December 15, 2015).  The subpoena recipients have not yet responded to the subpoenas in light of the stay.

To be clear:  none of this discovery will be necessary if this Court grants Defendants' summary judgment motion, Defendants do not seek to lift the stay to conduct this discovery now, and they do not object to deferring compliance with Judge Sagar's order regarding absent class member discovery until after this Court rules on Defendants' summary judgment motion.  While this Court previously indicated that it intended "to get this case to trial as soon as we possibly can, whatever the case entails," Hr'g Tr. Jan. 9, 2026 at 37:6–10, Defendants note, however, that they will need sufficient time to conduct this and other discovery if this Court denies Defendants' summary judgment motion.

*Signatures on next pag1e.*

---

[5] Plaintiffs' comments so far indicate that it is likely judicial intervention on the appropriate scope of class member discovery will be needed:  whereas Plaintiffs told Judge Sagar during the *ex parte* hearing that Defendants "are entitled to some reasonable, carefully crafted and narrowly tailored discovery," Hr'g Tr. Dec. 30, 2025, at 7:15–17; *see also id.* at 7:13–15 ("And so our obviously requested relief is not that there's going to be no discovery conducted on absent class numbers."), in conversations after that hearing, Plaintiffs' counsel have suggested that they intend to take the position that no class member discovery is appropriate.

| | | |
|---|---|---|
| 1 | Dated: February 27, 2026 | **WISNER BAUM, LLP** |
| 2 | | By: /s/ R. Brent Wisner |
| 3 | |     R. Brent Wisner |
| 4 | | R. Brent Wisner (SBN: 276023) |
| | | rbwisner@wisnerbaum.com |
| 5 | | Michael L. Baum, Esq. (SBN: 119511) |
| | | mbaum@wisnerbaum.com |
| 6 | | Harrison E. James, Esq. (SBN: 337733) |
| 7 | | hjames@wisnerbaum.com |
| | | 11111 Santa Monica Blvd, Ste 1750 |
| 8 | | Los Angeles, CA 90025 |
| | | Telephone: (310) 207-3233 |
| 9 | | Facsimile: (310) 820-7444 |
| 10 | | Christopher L. Coffin (*pro hac vice*) |
| | | ccoffin@pbclawfirm.com |
| 11 | | **COFFIN LAW, LLC** |
| | | 1311 Avenue Ponce de Leon Suite 504 |
| 12 | | San Juan, PR 00907 |
| 13 | | Telephone: (787) 961-9988 |
| 14 | | *Class Counsel and Counsel for Plaintiffs* |
| 15 | | **COVINGTON & BURLING LLP** |
| 16 | | |
| 17 | | By: /s/ Andrew Soukup |
| | |     Andrew Soukup |
| 18 | | |
| 19 | | Alexander Schultz (Bar. No. 340212) |
| | | aschultz@cov.com |
| 20 | | 1999 Avenue of the Stars |
| | | Los Angeles, CA 90067 |
| 21 | | Telephone: (424) 332-4788 |
| | | Facsimile: 424-332-4749 |
| 22 | | |
| 23 | | Michael X. Imbroscio (pro hac vice) |
| | | mimbroscio@cov.com |
| 24 | | Andrew Soukup (pro hac vice) |
| | | asoukup@cov.com |
| 25 | | Robert D. Wick (pro hac vice) |
| | | rwick@cov.com |
| 26 | | John S. Playforth (pro hac vice) |
| | | jplayforth@cov.com |
| 27 | | Stephen F. Petkis (pro hac vice) |
| | | spetkis@cov.com |
| 28 | | One CityCenter |

850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: 202-778-5066

*Counsel for Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA, Inc.*

**NORTON ROSE FULBRIGHT LLP**

By: /s/ Darryl W. Anderson
    Darryl W. Anderson

D'Lesli M. Davis (pro hac vice)
dlesli.davis@nortonrosefulbright.com
2200 Ross Avenue Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8221
Facsimile: 214-855-8200

Darryl W. Anderson (pro hac vice)
darryl.anderson@nortonrosefulbright.com
Geraldine W. Young (pro hac vice)
geraldine.young@nortonrosefulbright.com
1301 McKinney Suite 5100
Houston, TX 77010
Telephone: (713) 651-5562
Facsimile: 713-651-5246

*Counsel for Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA, Inc.*

**KIRKLAND & ELLIS LLP**

By: /s/ Robert B. Ellis
    Robert B. Ellis

Robert B. Ellis (pro hac vice)
rellis@kirkland.com
Ryan J. Moorman (pro hac vice)
ryan.moorman@kirkland.com
Caroline N. J. Power (pro hac vice)
caroline.power@kirkland.com

9
JOINT STATUS REPORT; 17-cv-07223-JWH (ASx)

333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: 312-862-2772
Facsimile: 214-855-8200

Michael J. Shipley (SBN: 233674)
mshipley@kirkland.com
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (213) 680-8400

*Counsel For Defendant Eli Lilly and Company*

**BOWMAN AND BROOKE LLP**

By: */s/ Randall L. Christian*
    Randall L. Christian

Randall L. Christian
Randy.christian@bowmanandbrooke.com
2901 Via Fortuna Drive, Suite 500
Austin, TX 78746
Telephone: (512) 874-3811

*Counsel For Defendant Eli Lilly and Company*

## L.R. 5-4.3.4 ATTESTATION

The undersigned, counsel for Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals USA, Inc., attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's contents and have authorized the filing.

By: */s/ Andrew Soukup*
Andrew Soukup

## CERTIFICATE OF SERVICE

I, R. Brent Wisner, hereby certify that, on February 27, 2026, I electronically filed the foregoing with the Clerk for the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

By: */s/ R. Brent Wisner*
R. Brent Wisner